## Commonwealth, for use, &c., *versus* Gracey.

1. Where a decree of the Orphans' Court directing a guardian to pay over to his successor the money in his hands is unappealed from it is conclusive upon both the guardian and the sureties upon his official bond, and in an action of debt upon such bond the defendants can have no defence but payment.

2. Where in such a suit the plaintiff did not file a declaration, but filed a copy of the bond, with an affidavit distinctly setting forth the breach, it was sufficient compliance with the rule of court below which prescribes in what cases judgment may be taken for want of an affidavit of defence, and if the defendant's affidavit failed to disclose a defence, the plaintiff was entitled to judgment.

November 1st 1880.    Before SHARSWOOD, C. J., MERCUR, PAXSON and STERRETT, JJ. GORDON, TRUNKEY and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1880, No. 110.

[Commonwealth *v.* Gracey.]

Debt by the Commonwealth for the use of Samuel McGaugh, guardian of Adelia, Thomas, Lafayette and William Gracey, minor children of John Gracey, deceased, against Robert Gracey and his sureties, on the bond of said Robert Gracey, as the guardian of the above children of John Gracey, deceased.

The following is the copy of the affidavit and the bond on which suit was brought :

"Samuel McGaugh, guardian of Adelia, Thomas, Lafayette and William Gracey, being sworn, says, that the defendants above named are justly and legally indebted to the Commonwealth of Pennsylvania, for his use as such guardian, in the sum of $8000, said indebtedness arising as follows : Said Robert Gracey was duly appointed guardian of said Adelia Gracey, Thomas Gracey, Lafayette Gracey and William Gracey, and gave his bond in the sum of $8000, conditioned for the faithful performance of his duties as such guardian, and that he render a just and true account of the management of the property and estate of the minors under his care, and also to deliver up said property agreeably to the order and decree of said court or the direction of law, with James Rees and C. H. Love, as sureties. A true copy of said bond is hereto attached and made part hereof; and affiant further avers that, at No. 48, December Term 1876, said Robert Gracey, guardian, filed his account, showing a balance in his hands, October 17th 1876, of one thousand one hundred and ninety-eight and eight hundredths ($1198.08) dollars, on account of personal property, which said sum he has never paid, and the whole amount thereof, with interest from said date, is yet due. Affiant further says, that the Orphans' Court of Allegheny county made an order and decree directing said Robert Gracey to pay to affiant said sum of money ; that more than twenty days have elapsed since said decree was entered, and that no appeal has been taken therefrom, and the money has not been paid. Wherefore, affiant avers that the Commonwealth of Pennsylvania is entitled to judgment for his use in the sum of $8000, with leave to have execution for $1198.08, with interest, from October 1st 1876, and further saith not."

The following was the bond:

"Know all men by these presents, that we, Robert Gracey, James Rees and C. H. Love, are held and firmly bound unto the Commonwealth of Pennsylvania in the sum of eight thousand dollars ($8000), lawful money of the United States, to be paid to the said Commonwealth, to which payment well and truly to be made, we do bind ourselves, our heirs, executors and administrators, and every of them, jointly and severally, by these presents. Witness our hands and seals, this 16th day of December 1865. Now, the condition of the above obligation is such, that if the above bounden Robert Gracey, guardian of Adelia Gracey, Thomas

[Commonwealth *v.* Gracey.]

Gracey, Lafayette Gracey and William · Gracey, minor children of John Gracey, late of the city of Pittsburgh, in the county of Allegheny, Pa., deceased, shall, at least once in every three years, and at any other time when required by the Orphans' Court of Allegheny county, render a just and true account of the management of the property and estate of the minors under his care, and shall also deliver up the said property agreeably to the order and decree of said court or the direction of law, and shall in all respects faithfully perform the duties of guardian of the said Adelia, Thomas, Lafayette and William Gracey, then this obligation to be void, otherwise to be and remain in full force and virtue."

ROBERT GRACEY.   [L. S.]
JAMES REES.   [L. S.]
C. H. LOVE.   [L. S.]

James Rees filed the following affidavit of defence :

" That he has a good and full defence in this case. That although he signed said bond, yet the said guardian, as appears of record, made report that the personal estate of his said wards was exhausted, and obtained an order to sell real estate for their maintenance, and made said sale, and gave a new bond with James M. Riter et al., as sureties for the application of the proceeds. That all of said children, except William Gracey, the youngest, are now of full age, and said Samuel McGaugh has power to act and sue for the interests of but one of said children. That said Robert Gracey, principal, is bound in law .to file his separate account as to his management of the estate of said minor, for each of his said wards, of his receipts and expenditures for each child, and have fixed by the Orphans' Court, by its decree, the amount the said guardian is liable for to each, on account of their personal estate. That this has not been done, and but one joint account has been filed, and defendants submit that until said plaintiff has such accounts and decrees filed, and the liability of said guardian to each of his said wards held by such decree, no action can be maintained on the bail bond."

The plaintiff took a rule to show cause why judgment should not be taken for want of a sufficient affidavit of defence, which the court discharged. This writ was then taken, and this action of the court assigned for error.

*J.· McF. Carpenter*, for plaintiff in error.—Plaintiff's affidavit of claim, and copy of bond thereto attached, were a good statement of his cause of action, and he could have gone to trial without more : Graff *v.* Graybill. 1 Watts 428 ; Bowman *v.* Sharp, 6 Id. 324 ; Moyer *v.* Kirby, 14 S. & R. 161; Geary *v.* Cunningham, 17 Id. 424 ; Epler *v.* Funk, 8 Barr 468. Rule 9 of the Courts of Common Pleas of Allegheny county, only requires that plaintiff shall

[Commonwealth v. Gracey.]

have filed his declaration, if one be necessary. The decree of the Orphans' Court is conclusive upon both principal and surety. It fixes the amount of debt due by Robert Gracey to his successor, and cannot now be questioned: Moorhead v. Commonwealth, 1 Grant 214; Garber v. Commonwealth, 7 Barr 265. All the plaintiff would have to do at the trial of this cause before a jury, would be to offer in evidence the bond and the decree of the Orphans' Court and rest. Defendants can only escape liability by showing payment or release, neither of which have been set up in the affidavit of defence, and could not, therefore, be proven. This case is analogous to that of Kase v. Greenough, 7 Norris 403.

*Barton & Sons*, for defendants in error.—The bond sued on being the official bond of a guardian, is expressly covered by the Act of June 14th 1836, sect. 6, Purd. Dig. 162. As suggested by the affidavit of defence, before an action could be maintained the plaintiff must first have an account filed by the guardian for each ward, setting forth the amount due to him, and on what account, and the amount of each: Weyand's Appeal, 12 P. F. Smith 198. Then the court, in the action upon the official bond, could fix the amount due to each, and thus conform to the act, and enter judgment for the Commonwealth for the penalty of the bond, and for the amount due to each child under the decree. But the plaintiff not only failed to observe the act relating to actions on official bonds, but he failed even to file a declaration. Rule 9 of the court requires that before judgment can be taken for want of an affidavit of defence, the plaintiff must file a declaration, if one be necessary.

Mr. Justice Paxson delivered the opinion of the court, November 15th 1880.

The decree of the Orphans' Court directing Robert Gracey, guardian, to pay over to the plaintiff, who is his successor in the trust, the money in his hands as such guardian, not having been appealed from, is conclusive both upon Gracey and the sureties upon his official bond. It is manifest, therefore, that in an action of debt upon such bond the defendants can have no defence but payment. The affidavit of defence sets up nothing of the kind. It makes some suggestions as to what ought to be done in the Orphans' Court in the way of distribution of the funds, but this is a question with which a defaulting guardian can have no concern. Having been removed from the trust his duty is to pay the money which the Orphans' Court has adjudged to be in his hands.

No sufficient defence appearing in the affidavit, the plaintiff is entitled to judgment provided he has placed himself in a position to demand it. The Act of 14th June 1836, Pamph. L. 639, prescribes the manner of proceeding upon official bonds. The

[Commonwealth *v.* Gracey.]

plaintiff appears to have proceeded in substantial conformity to the act. It is true he did not file a declaration, but he did file a copy of the bond with an affidavit distinctly setting forth the breach. Rule 9 of the court below provides for the filing of a declaration before judgment by default only when necessary. It was not necessary here. The only benefit of a declaration would be to assign the breach and that was sufficiently done by the affidavit. The bond in question was clearly within the rule of court which prescribes in what cases judgment may be taken for want of an affidavit of defence, and as the affidavit of defendant disclosed no defence the plaintiff was entitled to judgment.

> The order of the court below refusing to enter judgment for want of a sufficient affidavit of defence is reversed, and it is now ordered that the record be remitted to the court below with directions to enter judgment against the defendants for such sum as to right and justice may belong, unless other legal or equitable cause be shown why such judgment should not be so entered.