The Commonwealth of Pennsylvania, to the use of Thomas Delahanty, *v.* William C. Kean, Jr., and John F. Betz, Jr., Appellants.

*Suretyship—Administration bond—Discharge of sureties.*

Sureties on an administration bond are not discharged by the payment of the entire amount of the penal sum named in the bond to one distributee on suit brought, without waiting for the levy of an execution, or even the rendition of a judgment.    Such action will not avail them as a defense to the suit of another distributee.

Argued Dec. 16, 1899.    Appeal, No. 67, Oct. T., 1899, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1898, No. 194½, making absolute rule for judgment for want of

a sufficient affidavit of defense.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.   Opinion by W. W. PORTER, J.

Rule for judgment for want of a sufficient affidavit of defense. It appears from the record that this was an action of assumpsit brought against William Hay, as principal, and the appellants, William C. Kean, Jr., and John F. Betz, Jr., as sureties on an administration bond to recover the amount of a certain claim due and unpaid by the said William Hay as administrator of the estate of Arthur Godson, deceased.   The claim was for $109 with interest from December 14, 1896, allowed in the adjudication of Godson's estate by the orphans' court of Philadelphia county.   At that adjudication a balance was finally awarded Charles Godson, father of the decedent, of $1,751.19, as his next of kin.   This award having been defaulted by the administrator, Godson brought suit on the same, whereupon the appellants paid Godson the entire amount of their bond, viz: $1,200.   This was the subject of the affidavit of defense in the present suit.

A rule for judgment for want of a sufficient affidavit of defense was taken, which, upon hearing, was made absolute by the court.

Judgment for plaintiff.   Defendants appealed.

*Errors assigned* were (1) in making the rule absolute.   (2) In not discharging the same.

*Samuel Gustine Thompson*, for appellants.—The plaintiff could not recover because the defendants here were compelled to discharge themselves of the entire liability for which they were bound by the suit of Godson, whose claim was for $1,500, more than the amount of their bond in itself: Ins. Co. v. Robinson, 82 Pa. 357.

Money collected or paid upon lawful process of execution cannot be recovered back, though not justly nor lawfully due by the defendant in the execution to the plaintiff.   The authorities for this position are many and clear: 1 Selwyn's N. P. 82 ; 1 Archbold's N. P. 267 ; Rapalje v. Emery, 2 Dall. 51, 231 ; Herring v. Adams, 5 W. & S. 459 ; Mann's Appeal, 1 Pa. 24 ; Boas v. Updegrove, 5 Pa. 516.

*E. Hunn Hanson*, with him *Charles T. Quinn*, for appellee.—
The affidavit of defense did not allege that a judgment was
obtained by him, nor that one could not be successfully resisted,
and did not allege that against the administrator an execution
had issued, and being unproductive the sureties became liable;
and finally, the affidavit did not allege (and it is conceived it
could not have done so truthfully) that the obligors had com-
plied with the condition of their bond.

The case of Ins. Co. v. Robinson, 82 Pa. 357, does not rule
this case. The decision there was that money paid upon exe-
cution cannot be recovered back by him who paid, though the
one to whom payment was made was not entitled.

In the present instance the case of Godson against these ap-
pellants there was no execution, suit merely had been taken.

OPINION BY WILLIAM W. PORTER, J., March 21, 1900:

This suit is brought against the sureties upon the bond of
the administrator of the estate of Arthur Godson, deceased.
The use plaintiff is a creditor of that estate. The adjudication
of the orphans' court upon the account of the administrator
shows that the use plaintiff's claim was awarded payment.
There is nothing to indicate that it was paid. The balance re-
maining after the allowance of certain claims (including that
of the plaintiff), was awarded to Charles Godson, as next of kin.
The administrator failed to make distribution. Godson, the
distributee of the balance, brought suit upon the administration
bond. Without waiting for the levy of an execution, or even
the rendition of a judgment, the defendants in this case paid
the full amount of their bond to the said distributee. The
defendants claim that the payment thus made is a discharge.
With this we cannot agree. Had there been a payment under
the stress of an execution, better ground would have been laid
for claiming an exonerator: "The reason is a very obvious one.
An execution is the end of the law. To permit money so col-
lected or paid to be reclaimed in a new suit would lead to in-
definite and endless litigation:" Insurance Co. v. Robinson, 82
Pa. 357. The payment made by the defendants was voluntary
as to other parties in interest protected by the bond.

Furthermore, the bond requires that the residue of the estate
found by the orphans' court shall be delivered and paid " unto

such person or persons, respectively, as said orphans' court by their decree and sentence pursuant to law, shall limit and appoint." The breach of this condition is averred by the statement of claim, and is not specifically denied by the affidavit. We see no error committed by the court below in entering judgment for the plaintiff.

Judgment affirmed.