## Commonwealth to use v. Ruhl, Appellant.

*Executors and administrators—Bond—Defenses—Collateral attack on decree of orphans' court—Affidavit of defense.*

In an action of assumpsit in the court of common pleas on the bond of an administrator, where the basis of the action is a decree of the orphans' court against the administrator, an affidavit of defense averring the invalidity of the decree of the orphans' court, is insufficient.

Argued Jan. 15, 1901. Appeal, No. 334, Jan. T., 1900, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1900, No. 130, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of Johann Krebs, Christina Korb and Daniel Groh v. John Ruhl and Henry Kunzig, Appellant, and William Ruhl. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit on a bond of an administrator.

The statement was in part as follows:

The account of the said John Ruhl, administrator of Sophia Yung, deceased, having been called before the orphans' court

of Philadelphia county for audit, on July 2, 1891, said account was then and there first examined and allowed by the said orphans' court of the city and county of Philadelphia, and upon the same day, the said account was adjudicated by the said orphans' court, and the balance in the hands of the accountant, being the sum of $2,497.83, was awarded by the said orphans' court, to wit: on July 2, 1891, to Magdalena Ruhl, wife of the said John Ruhl, the said adjudication and award being made in pursuance of a petition for distribution of the said John Ruhl, appended to said adjudication, which falsely and fraudulently set forth that " the only persons entitled to the said estate embraced in the said account or any part thereof, other than as creditors, are as follows : Magdalena Ruhl, sister," whereas, in truth and in fact, the plaintiff, Johann Krebs, the only child of Anna Maria Krebs, a deceased sister of the said Sophia Yung, was entitled to one third of the said estate ; the plaintiff, Christina Korb, the only child of Sophia Groh, and the plaintiff, Daniel Groh, the only child of Christina Groh, the said Sophia Groh and Christina Groh being the deceased children of Adam Sandor, a deceased brother of the said Sophia Yung, were each entitled to one sixth of the said estate.

That upon the petition of the said Johann Krebs, Christina Korb and Daniel Groh to review, vacate and set aside the aforesaid decree, and for readjudication and restitution, filed in said court, on December 30, 1899, the said court, to wit: on July 14, 1900, found, that the distribution ordered by the aforesaid adjudication and award was never made by the said John Ruhl, administrator aforesaid, and granted the said petition for review and readjudication. And the said orphans' court of Philadelphia county by readjudication of the account of the said John Ruhl, administrator of Sophia Yung, deceased, on July 14, 1900, awarded the balance aforesaid shown by the said account, one third, or $832.61, to Johann Krebs, and one sixth, or $416.30, each to Christina Korb and Daniel Groh, with interest upon the several amounts from June 1, 1891, and ordered and decreed that the balance in the hands of the said accountant be distributed and paid as awarded. That the said awards to the said Johann Krebs, Christina Korb and Daniel Groh having remained unpaid, although payment thereof had been demanded, the said orphans' court did, to wit: on August 16, 1900, order

and decree that the said John Ruhl, administrator of Sophia Yung, pay over to Gustavus Remak, Jr., Esq., attorney for Johann Krebs, Christina Korb and Daniel Groh, the sum of $2,576.60, within ten days after personal service of said order upon him.

The statement further averred refusal to pay the above amounts.

Henry Kunzig, the surety, filed an affidavit of defense in which he averred:

I am informed that the account of John Ruhl, administrator of Sophia Yung, deceased, was adjudicated on July 2, 1891, as set forth in plaintiff's statement, and the sum of $2,497.83, being the entire balance in the hands of the accountant, was awarded to Magdalena Ruhl; that no exceptions were filed to the said adjudication, and that under the rule of said court the said adjudication became absolute on the third Saturday following. I am informed that pursuant to said decree, the said John Ruhl, administrator as aforesaid, delivered and paid unto the said Magdalena Ruhl the entire amount of said award, prior to the presentation of the petition to review the award, as set forth in the plaintiff's statement. I was not notified by citation or otherwise of the presentation of the petition to review the said adjudication, mentioned in plaintiff's statement, and was not made a party thereto, and by reason thereof was unable to protect myself against the effect of the said petition for review, and the adjudication of the account which was subsequently made.

I left this country May 8, 1900, and sailed for Europe and did not return till September 25, 1900, and had no notice whatever of the proceedings relating to the review until after the last mentioned date.

I am informed that the said readjudication was in violation of the act of October 13, 1840, inasmuch as the said petition for review was not presented for a period of eight years and six months after the final decree confirming the said account, and that the said act limits the presentation of such petitions, to the period of five years after such final decree. I am informed that said readjudication was also in violation of the aforesaid act, inasmuch as it is provided therein, that the said

act shall not extend to any cause when the balance found due shall be actually paid and discharged by the administrator.

I am informed that said readjudication was in violation of the act of April 8, 1833, which provides: " That all the relations of an intestate and persons concerned who shall not lay legal claim to their respective shares, within seven years after the decease of the intestate shall be debarred from the same forever."

I am informed that said petition for review is fatally defective in this, that it fails to aver that the award to Magdalena Ruhl had not been paid to her by John Ruhl, the administrator, and for this reason ought to have been refused.

I am informed that the findings of fact and of law, both in the granting of the review and the readjudication thereunder, were against the evidence and the law.

An appeal has been taken by the said John Ruhl and myself from the said readjudication mentioned in the statement to the Supreme Court of Pennsylvania.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Leoni Melick*, of *Melick, Potter & Dechert*, for appellant.— The words of the act of April 8, 1833, certainly indicated to the surety when he went upon the bond that he would be free from liability to persons who failed to make claim within seven years.

The surety is not a trustee for the next of kin, nor does he occupy a fiduciary relation to the creditors of the estate: Halstead v. Hyman, 3 Bradford (N. Y.), 426.

The surety can set up any defense that is personal to himself: Masser v. Strickland, 17 S. & R. 353.

Equity often relieves a surety when the principal would not be relieved: Pleasonton and Biddle's Appeal, 75 Pa. 344.

The first adjudication became absolute: Stewart's Appeal, 86 Pa. 152.

*Gustavus Remak, Jr.*, for appellees.—The matter is res adjudicata: Garber v. Com., 7 Pa. 265; Gilmore v. Rodgers, 41 Pa. 120; Leedom v. Lombaert, 80 Pa. 390.

The act of 1833 supersedes the Act of April 19, 1794, sec. 18, (P. & L. Dig. 2419), and it has been distinctly ruled that the bar of that act can only be pleaded where there has been a bona fide distribution without notice : Logan v. Richardson, 1 Pa. 372 ; Chandler v. Lanborne, 2 Clark, 124.

The ruling that sureties are bound by decrees of the orphans' court made against their principal, of which they had no notice, is based in all the decisions upon the fact that they may have a review under the act of 1840 : Bishop's Estate, 10 Pa. 469 ; Hartz's Estate, 2 Grant, 83 ; Simpson's Estate, 18 W. N. C. 175.

And that they may appeal to the Supreme Court, as parties aggrieved, under section 59 of the Act of March 29, 1832, P. L. 190 (2 P. & L. Dig. 3347) ; Garber v. Commonwealth, 7 Pa. 265.

Although the administrator as such is not a party aggrieved : Sharp's Appeal, 3 Grant, 260 ; Stineman's Appeal, 34 Pa. 394 ; Gallagher's Appeal, 89 Pa. 29 ; Piper's Est., 15 Pa. 533.

OPINION BY MR. JUSTICE BROWN, April 1, 1901:

The liability of this appellant was fixed by the decree of the orphans' court of Philadelphia county, which we have this day affirmed, that John Ruhl, administrator of the estate of Sophia Yung, deceased, pay to the appellees the sums awarded them on the readjudication of his account. Ruhl and his sureties appealed from that decree, and we need not here repeat our reasons for affirming it, though they may be properly read in connection with our disposition of this appeal. The statement of appellees' cause of action alleges that the orphans' court of Philadelphia county, having found that the distribution ordered by it on the first adjudication had never been made by the administrator, ordered him to pay to them the respective sums awarded to them, and that he has neglected and refused so to do. The decree, the consequences of which this appellant now seeks to avade, is the judgment of the court having jurisdiction of the trustee, for whose good faith he stood sponsor. His bond is that the administrator will pay, and the appellees are simply asking that he be compelled to comply with his obligation. In the court in which the liability of this surety is sought to be enforced, the decree of the other court, which definitely fixed

it, cannot be assailed.   In this proceeding, no plea but payment can avail, and no defense be made, save compliance with the court's decree.   The appellant is now confronted with a liability which he knew, when he became surety for Ruhl, he would meet if there should be default by the latter.   To avoid this liability, he was bound to avoid the decree against his principal in the orphans' court, where he would have been heard ex gratia, if not ex debito justitiæ, for any good reason that he might have urged against it.   In that court only could he be heard in protest against it; in the court from whose judgment he has appealed, it is conclusive.   Even now, the first court might hear him of grace, but not of right, if prepared to convince it of error in its findings of fact; and, if so heard there, the court of common pleas would properly control its judgment against him.

The judgment was properly entered for want of a sufficient affidavit of defense, and it is now affirmed.