# Commonwealth v. Kean, Appellant.

*Executors and administrators—Suit on bond—Judgment—Practice, C. P.*

Where one of several creditors has obtained judgment upon an administrator's bond, the other creditors may, after judgment has been entered, issue writs of scire facias on the judgment, although their cause of action accrued before the judgment, and although they failed to make themselves parties to the suit. It was not contemplated by the act that the penalty for the failure of one whose cause of action accrued before judgment, to make himself a party to the suit, should be the forfeiture of all rights in the bond.

Where one of several creditors has obtained judgment upon an administrator's bond, he cannot satisfy the judgment generally, but only so far as it is in his favor. Where such a creditor enters on the record, " This judgment is satisfied," the entry will be held to refer merely to the satisfaction of the judgment in favor of the creditor who made the entry.

*Executors and administrators—Bonds—Defenses—Conclusiveness of decree of orphans' court.*

In an action on an administrator's bond by a creditor of the decedent whose claim was fixed by a decree of the orphans' court, the defendants cannot be heard to object to the decree on the ground that it was entered because the next of kin agreed to its allowance.

Where the orphans' court has entered a decree in favor of the creditors of a decedent, specifying the amounts due them, and has awarded the balance of the estate to the next of kin, and the next of kin has brought suit on the bond, and before judgment the sureties have paid the next of kin the full amount of his claim, although such amount in addition to the award to the creditors exceeded the penalty of the bond, the sureties cannot claim that they are relieved from liability to the creditors. The sureties should have awaited the termination of the proceedings whereby

the rights of all parties would have been protected, or should have paid the fund into court.

Argued Dec. 9, 1901. Appeal, No. 68, Oct. T., 1901, by defendants, from order of C. P. No. 1, Phila. Co., June T., 1898, No. 194½ making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of Welde & Thomas Brewing Company v. William C. Kean, Jr., and John F. Betz, Appellants, who were sued with William Hay, as Defendants. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Scire facias sur judgment.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows:

It is true that on February 11, 1895, said defendants and William Hay executed a bond to the commonwealth in the sum of $1,200, conditioned that he, the said William Hay, would " pay unto such person or persons, respectively, as the said orphans' court, by their decree and sentence, pursuant to law, shall limit and appoint, and shall well and truly comply with the laws of this commonwealth relating to collateral inheritances."

It is true that on May 27, 1898, a suit was brought on said bond to the use of Thomas Delahunty against defendants and said William Hay, and that on March 8, 1899, a judgment was duly obtained in said suit. It is true that an appeal was taken and said judgment was affirmed, but the record shows that upon April 10, 1900, the following entry was made:

" This judgment is satisfied.

" C. T. QUIN.

" April 10, 1900.                    Attorney for plaintiff.

" Attest,

" C. B. ROBERTS,

" Dep. Prothy."

That it is true that on September 28, 1896, William Hay filed his account as administrator of said estate. In said account, a copy of which is hereto annexed and made part of this affidavit of defense, it is stated that the plaintiff in this suit, the Welde & Thomas Brewing Company, presented a claim for money

loaned to decedent, and the court said, "both of these claims were objected to, and while there is no reason to doubt their genuineness, they are rejected, in default of legal evidence to sustain them." The balance was awarded to Charles Godson.

Subsequently, the following entry was made:

"And now, February 1, 1897, the adjudication having been duly opened, Hon. Anthony Higgins for Charles Godson, the father and sole distributee, agreed to the allowance of the claim of the Welde & Thomas Brewing Company, for $200, and the claim of Catharine Madden, administratrix of W. K. Madden, deceased, for $50.00. These claims are accordingly allowed and the balance remaining as per the adjudication, towit: $1,757.19 is reduced to $1,501.19, said sum is awarded to Charles Godson.

"The adjudication as amended is confirmed.

"W. N. ASHMAN."

Defendants aver that no further action was taken by the orphans' court and no decree or order directing said Hay as administrator to pay said sum to the above-named plaintiff or any evidence of a demand or refusal on his part to pay the same. Defendants aver that the said Charles Godson, to whom the sum of $1,501.19 was awarded, as sole distributee, by the adjudication in the said estate brought suit upon said bond to common pleas, No. 3, June term, 1897, No. 939, and in consequence of said suit and by stress of the same, and not voluntarily, said John F. Betz, Jr., caused to be paid to Samuel B. Huey, Esq., attorney for said Godson, the amount conditioned to be paid on said bond, towit: $1,200.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Samuel Gustine Thompson*, for appellant, cited: Hamlet v. Richardson, 9 Bingham, 644.

*S. G. Birnie*, with him *Francis G. Taylor*, for appellee, cited: Com. v. Wilson, 7 W. N. C. 62; Com. v. Ruhl, 199 Pa. 40; Com. v. Straub, 35 Pa. 137; Com. v. Springer, 13 W. N. C. 305.

OPINION BY RICE, P. J., March 14, 1902:

In the final adjudication of the account by William Hay, ad-

ministrator of the estate of Arthur Godson, deceased, the sum
of $200 was awarded to the Welde & Thomas Brewing Com-
pany, the present plaintiff; the sum of $615.33 was awarded
to other creditors, amongst whom was Thomas Delahunty, and
the balance, $1,501.19, was awarded to Charles Godson, the
next of kin. The foregoing decree was made on February 1,
1897. These defendants were sureties on the administrator's
bond, which was in the sum of $1,200. In May, 1898, Thomas
Delahunty brought suit on the bond in the name of the com-
monwealth, and in due course judgment was entered for the
commonwealth in the amount of the bond and in Delahunty's
favor for the amount of his damages, namely, $123.45, the
amount with interest awarded to him in the adjudication above
referred to of the orphans' court. On appeal to this court the
judgment was affirmed on March 21, 1900: Commonwealth v.
Kean et al., 13 Pa. Superior Ct. 167. On January 29, 1901,
the Welde & Thomas Brewing Company filed a suggestion of
their interest, which contained a recital of the foregoing pro-
ceedings, and caused a scire facias to be issued on the judg-
ment. The defendants filed an affidavit of defense which was
adjudged insufficient, whereupon they took this appeal.

It is claimed that the scire facias was issued without warrant
or authority of law, because the plaintiff's right of action ac-
crued before the entry of judgment for the commonwealth.
True, the act provides, that after suit brought on the bond it
shall be lawful for any other person to whom a cause of action
shall have accrued on such bond or obligation, at any time be-
fore judgment, upon a suggestion filed with leave of the court,
to be made a party plaintiff in the writ, and thereupon he may
declare and set forth the breaches of condition of such bond or
obligation to his particular injury. But it may often occur
that suit be brought and prosecuted to judgment without the
knowledge of such other person, and if the construction con-
tended for be correct he would then be without remedy except
as against the principal; for it is well settled that he cannot
bring a second suit upon the bond: Commonwealth v. Straub,
35 Pa. 137; Commonwealth v. Cope, 45 Pa. 161. A construc-
tion leading to such result is not to be adopted unless the lan-
guage of the act imperatively requires it. The argument of
counsel is based on the phraseology of the eleventh paragraph

of the sixth section which authorizes the issuing of a scire facias upon the judgment in certain cases. It is claimed that this limits the right to cases where a breach of the bond occurs after judgment. It undoubtedly includes such cases, but the language of the clause is capable of being construed so as to include the cause of action of any one not a party to the original suit. Any other construction would be inconsistent with the plain intent of the legislature as shown by the context; for in the ninth clause of the same section it is provided that the judgment of the commonwealth shall remain, not merely for the security of those to whom a right of action shall accrue by reason of subsequent breaches, but "for the satisfaction of all persons entitled to the benefit of the bond or obligation upon which it was rendered and for all and singular the like uses and purposes." Clearly, it was not contemplated that the penalty for the failure of one, whose cause of action accrued before judgment, to make himself a party to the suit should be the forfeiture of all rights in the bond. But as his rights in the bond remain, the judgment also remains for his satisfaction, and the mode of obtaining it is by scire facias on the judgment. As was said by Mr. Justice THOMPSON in Commonwealth v. Straub, supra: "Any number of persons aggrieved may suggest themselves as plaintiffs during the pendency of the suit, and have their damages assessed on trial. After judgment, the remedy is by scire facias, and assigning breaches. So that either before or after judgment, there is ample remedy provided without resorting to a second suit on the bond."

It follows from what we have said as to the nature of the judgment in favor of the commonwealth, that Delahunty had no authority to satisfy it. He could only satisfy the judgment in his favor, to which the entry on the record of April 10, 1900, "This judgment is satisfied," must be held to refer. On neither of the grounds above suggested was the Welde & Thomas Brewing Company precluded from issuing a scire facias for the enforcement of its claim.

At the first audit of the account of the administrator the auditing judge said of this and another claim: "Both of these claims were objected to, and while there is no reason to doubt their genuineness, they are rejected in default of legal evidence to sustain them." Subsequently, the adjudication having been

duly opened, Charles Godson, the next of kin, agreed to the allowance of the claims, and the decree of February 1, 1897, referred to at the outset of this opinion was made. It is suggested that this decree, without more, did not operate to create such a claim as entitled the plaintiff to a writ of scire facias. As to the conclusiveness of the decree in this proceeding we need only refer to the case of Commonwealth v. Ruhl, 199 Pa. 40. We quote from the opinion of the Supreme Court delivered by Mr. Justice BROWN: " The decree, the consequences of which this appellant now seeks to evade, is the judgment of the court having jurisdiction of the trustee, for whose good faith he stood sponsor. His bond is that the administrator will pay, and the appellees are simply asking that he be compelled to comply with his obligation. In the court in which the liability of this surety is sought to be enforced, the decree of the other court, which definitely fixed it, cannot be assailed. In this proceeding, no plea but payment can avail, and no defense be made, save compliance with the court's decree." An administrator need not be pushed to insolvency before suit may be brought against his sureties. The liability of the principal having been fixed by a decree of the orphans' court ascertaining the amount of assets with which he was chargeable, and awarding a particular sum to the Welde & Thomas Brewing Company, the latter's right of action was complete: Commonwealth v. Stub, 11 Pa. 150; Boyd v. Commonwealth, 36 Pa. 355. See also opinion of ALLISON, P. J., in Commonwealth v. Wilson, 7 W. N. C. 62.

The remaining question for consideration is, whether the payment by the defendants to Charles Godson of the full amount of the bond, after suit had been brought by him against them, discharged them from further liability on the bond. The precise date of this payment is not set forth in the affidavit of defense, but evidently it was after the decree of February 1, 1897. It is not asserted that it was made by the defendants in ignorance of the fact that it was only the balance remaining after the awards in favor of the plaintiff and other creditors that was awarded to Charles Godson. One of the conditions of their bond was that the administrator " shall deliver and pay unto such person or persons, respectively, as the said orphans' court, by their decree and sentence pursuant to law, shall limit

and appoint." Presumably, they paid with knowledge of the decree distributing the assets in the hands of the administrator and with knowledge of the fact that this amount exceeded the penalty of the bond. The latter was the limit of their liability, it is true, but it cannot be pretended that the sureties could discharge themselves by voluntarily paying it to the next of kin in disregard of the rights of the creditors which had been fixed by the decree. Until the suit brought by him was ended in a judgment other parties had a right to make themselves parties and to have the amounts due them ascertained by the verdict, as though the penalty were sufficient to cover them all: Wetherill v. Commonwealth, 17 W. N. C. 104. As the defendants saw fit not to await termination of the proceedings whereby the rights of all parties would be protected, the payment made by them to the next of kin must be deemed "voluntary as to other parties in interest protected by the bond," as was decided when the case was here before. And, as the statute makes it possible for sureties situated as they were to avoid litigation, and at the same time protect themselves and all parties interested, by a payment into court, this conclusion involves no hardship.

Judgment affirmed.