Commonwealth, to use, *v.* Toebe
(et al., Appellants).

Argued May 1, 1934. Before SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Herbert A. Speiser,* of *Speiser & Speiser,* for appellant.

*Paul Reilly,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, May 21, 1934:

These three appeals have a common origin, and can best be considered in one opinion, by setting forth the facts in chronological order, followed by a statement of the questions raised when reached in due course, and by our answers thereto when they are thus reached.

Frederick E. Toebe was appointed administrator of the estate of Charles A. Toebe, deceased, and the Consolidated Indemnity and Insurance Company, which is the appellant in each of these three appeals, became surety for the administrator on his bond to the Commonwealth, which had, as one of the conditions thereof, a requirement to "deliver and pay [the assets of the estate] unto such person or persons as the said orphans' court [of the City and County of Philadelphia] by their decree or sentence pursuant to law shall limit and appoint." On the adjudication of the administrator's account, it was decreed that the administrator should pay to "Emma Toebe Carman [the appellee in the first of these appeals] $3,700," with certain specified interest thereon, and also to "George Toebe [the appellee in the second of these appeals]......$3,575," with certain specified interest thereon. In due course, the adjudication, including those two awards, was confirmed absolutely.

After various unsuccessful attempts to get the administrator to pay the amounts awarded to appellees, they made demand on the surety, and this also being unavailing, two suits on the administration bond were begun in the court of common pleas, one thereof by each of those distributees. The surety first objected to the statements of claim as insufficient in law, but, this having been overruled, it filed affidavits of defense to the merits. Rules

for judgment for want of sufficient affidavits of defense were taken and made absolute, and damages were assessed in the amounts awarded by the orphans' court together with the interest allowed by it. From these judgments the first two of the present appeals were taken.

As the record then stood the judgments were clearly right. The administrator was bound to distribute the estate in his hands, as the orphans' court "shall limit and appoint," and the condition in the bonds, signed by the surety, expressly assured his doing this. Hence, as he did not, the surety became liable to the use-plaintiffs in these two appeals, they being, as already stated, two of the distributees entitled under the decree of the orphans' court. This has been so often decided, and no case to the contrary appearing, we need only refer to some of the authorities, without quoting from them. They are: Giltinan v. Strong, 64 Pa. 242, 246-7; Com. v. Gracey, 96 Pa. 70; Com. v. Ruhl, 199 Pa. 40; Com. v. Fidelity & Deposit Co. of Maryland, 224 Pa. 95; Com., to use, v. Gregory, 261 Pa. 106, 113; Clauss v. Ainey, 279 Pa. 534, 537; Thommen v. Aldine Trust Co., 302 Pa. 409, 416.

Thirteen days after those judgments were entered by the court of common pleas, the surety filed a petition in the orphans' court asking that the adjudication of the administration account "be opened and reviewed for the purpose of amending and modifying the awards therein contained to the force [?] and effect that the......surety on the bond of said administrator, by reason of the acts and agreements of the parties interested in the said estate, is not liable for the payment of the said awards." The only reasons specified in the petition for opening and reviewing the adjudication were (1) an allegation that, immediately after the decedent's death in November, 1930, the parties in interest in the estate made a verbal agreement, without the knowledge, con-

sent or approval of the surety, that the administrator should not forthwith close out the business carried on by decedent for many years, but that it should be continued by the administrator and one of the other heirs (not interested in these appeals) who agreed to pay each of the other three children,—two of them being appellees herein,—$5,000 for his or her interest in the business, the effect of which agreement was to change the duties of the administrator, so far as concerned the assets of the business, and to substitute a different and distinct course of procedure to the prejudice of the surety; and (2) an allegation that the surety had no actual notice of the filing of the administrator's account, and the various proceedings thereon "though of course [appellant admits] there was the usual formal notification contained in the advertising of the filing of the account by the register." To this petition appellees filed an answer, which, at the suggestion of the orphans' court, was renamed a demurrer. After argument before the court in banc, including the auditing judge, the demurrer was sustained and the petition for review dismissed. From that decree the last of the present appeals was taken. This decree also must be affirmed.

While section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, 514,—which is now the applicable provision relating to bills of review,—gives to the orphans' court a broader authority and duty in relation to bills of review than does section 1 of the Act of October 13, 1840 (P. L. 1841, page 1), as construed in Scott's App., 112 Pa. 427, and kindred cases (see Troutman's Est., 270 Pa. 310, and Willing's Est., 288 Pa. 337), yet the applicable rules of procedure have not been much changed thereby, as we have repeatedly shown in decisions handed down by us since the Fiduciaries Act was passed. It suffices to quote the following syllabi in Bailey's Est., 291 Pa. 421, which correctly and succinctly set forth what we decided in that appeal, viz., that, "6. A bill of

review will not be considered, where the issues were [previously] raised, contested and decided, nor will it [the bill] operate as an exception or an appeal." "8. A review based on proof discovered since the decree or adjudication is not a matter of right, but rests in the sound discretion of the court." "9. Such discretion is to be exercised cautiously and sparingly, and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause." "10. The new evidence relied on should be such as would cause the court to enter a judgment other than that already entered; it must appear that the evidence was not available, and that it could not have been discovered before the judgment by the exercise of reasonable diligence."

It would hardly be an exaggeration to say that each and every one of the principles thus stated stands in the way of appellant's right to a review. Reference need be made to but few of them, however. Anent the first point raised by the petition, viz., the alleged verbal agreement between the distributees that the administrator should continue to carry on the business, instead of closing it out, as it was his duty to do, this was, in fact, stated at the audit, but was denied by appellees, and, no proof being offered, this denial met with the approval of the auditing judge. This fact is also referred to in the opinion of the court below when dismissing the petition for a review. It was not denied that the business was carried on for a time by the administrator, but evidently this was because he had agreed to buy out the shares of his brothers and sisters therein, and wished to have the benefit of its good will as a going concern. This was, however, his own act for his own benefit, and not the act of appellees. For his default in this respect, appellant, as his surety, was liable, and appellees were not.

Appellant seems to think that if its counsel had been present a different conclusion might have been reached, and hence strenuously urges as an excuse for its neglect

to appear and raise the point, that it did not have actual notice of the filing of the account. As we have already pointed out, the possibility of a different result if it had appeared and objected, furnishes no reason for granting a review. Moreover, if appellant had given written notice to the administrator of its desire to be notified, it would, doubtless, have received such notice: Section 46 (c) of the Fiduciaries Act of June 7, 1917, P. L. 447, 511, so requires. Appellant does not aver, however, that it so requested. Under such circumstances, the notice by advertisement of the filing and intended audit of the administrator's account, which the surety, in its position, expressly admits was given, is as effective and binding as actual notice": App v. Dreisbach, 2 Rawle 287; Priestley's App., 127 Pa. 420; Ferguson v. Yard, 164 Pa. 586; Mendenhall v. Jackson, 268 Pa. 123; Lorch's Est., 284 Pa. 500, 506; Holben's Est., 300 Pa. 169, 173; Downing v. Felheim, 309 Pa. 566.

Clearly, therefore, we cannot say that the court below abused its discretion in not granting the review, and unless we could do this we would not be justified in reversing the action of that tribunal: Linnard's Est., 299 Pa. 32; Chauncey's Est., 303 Pa. 441; Downing v. Felheim, 309 Pa. 566.

The two judgments of the court of common pleas, appealed to this court as of January Term, 1934, Nos. 225 and 233, are each affirmed; and the decree of the orphans' court, appealed to this court as of January Term, 1934, No. 254, is also affirmed and that appeal is dismissed at the cost of appellants.