## Estate of Lewis Vastine, deceased. Appeals of Walter G. Roland and Lewis V. Halberstadt.

190   443
28 SC   458

*Trusts and trustees—Accounts—Estoppel—Review.*

Where a testamentary trustee states an account and submits it to the cestui que trust, a young man twenty-three years of age, with business experience, who examines it, and indorses his approval thereon, and the account is filed and confirmed, and the cestui que trust accepts part of the principal, and continues to receive the income from the remainder of the estate for five years, without objection, the account will not be opened on the ground that excessive commissions had been allowed to the trustee.

*Trusts and trustees—Commissions—Investments.*

The Supreme Court will not reverse a decree of the orphans' court allowing a trustee commissions somewhat in excess of five per cent, where

it appears that the trust estate amounted to a little·over $30,000; that, for the purpose of securing the highest rate of interest, the sum was divided into fifty-seven good investments, made without any loss or expense to the estate, and produced an excess of annual income over the usual rate of interest larger than the whole allowance to the trustee, the accomplishment of which required unusual care and vigilance on the part of the trustee.

Argued Feb. 13, 1899. Appeals, Nos. 310, 311 and 312, by Walter G. Roland and Lewis V. Halberstadt, from decrees of O. C. Schuylkill Co., dismissing petition for removal of trustee, dismissing petition for review and dismissing exceptions to adjudication. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Petition for dismissal of trustee. Before DUNN, P. J.
Petition for review.
Exceptions to adjudication.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were the decree dismissing petition for removal of trustee, decree dismissing petition for review, and decree dismissing exceptions to adjudication.

*Robert P. Shick,* with him *George H. Gerber,* for appellants.—
A testamentary trustee is not required to file triennial accounts: Baldwin's Est., 2 Del. 504.

Even if the trustee had a right to file accounts, it is claimed that neither the first, second nor third account was legally filed or confirmed, because, at the filing of each of the said accounts, there were minors in existence, interested in said fund, who had no guardians, and were not represented by any next friend: McGrew's App., 14 S. & R. 397; White's Estate, 163 Pa. 388, Long's Est., 168 Pa. 341; Lang's Est., 30 P. L. J. 97.

The commissions were excessive: Bosler's Est., 161 Pa. 457; Mintzer's Est., 18 Phila. 97; Thouron's Est., 182 Pa. 126; Dorrance's Est., 186 Pa. 64; Hays's Est., 32 P. L. J. 375; Taylor's Est., 1 Montg. 165; Lukens's App., 7 W. & S. 48; Harland's Accts., 5 Rawle, 329; Roberts's App., 92 Pa. 407; McKnight v. Walsh, 24 N. J. Eq. 498; Jones's App., 8 W. & S. 143; Hemphill's App., 18 Pa. 303; Worrell's App., 9 Pa. 508; Inmsen's App., 43 Pa. 431; Barker's Est., 159 Pa. 528; Diller v. Brubaker, 52 Pa. 498.

The review should have been allowed: Pleasanton's App., 99 Pa. 369; Kinter's App., 62 Pa. 322; Whelen's App., 70 Pa. 410; Johnson's App., 114 Pa. 141; Martin's Est., 7 Dist. Rep. 408.

*George M. Roads*, for appellee.—Collateral attacks on decrees of court will not be considered: Ferguson v. Yard, 164 Pa. 596.

Each partial account stands by itself, for its confirmation is a solemn decree which cannot be set at naught by simply disregarding it: Rhoads's App., 39 Pa. 186; McLellan's App., 76 Pa. 231; Fross's App., 105 Pa. 258.

The commissions were proper: Bosler's Est., 161 Pa. 457; Slifer's Est., 4 Phila. 225.

OPINION BY Mr. JUSTICE FELL, March 27, 1899:

The decrees from which these appeals are taken are separate, but they were entered in the same estate and relate to the same subject, the management of a trust, and the appeals may be considered together. The first appeal is from a decree dismissing the petition of the appellants for the removal of Henry C. Russell as trustee of the estate of Lewis Vastine; the second is from a decree dismissing the petition of the same parties for a review of the third account of the trustee, and the third is from a decree confirming the adjudication of the fourth account of the trustee.

By the will of Lewis Vastine, who died in 1876, a part of his estate was left in trust, the income to be accumulated until his grandson, Lewis V. Halberstadt, should attain the age of twenty-three, when he was to receive one half of the trust fund and its accumulations. The remaining half was to be held in trust and the income thereof to be paid to his grandson for life, with remainder to his children. The trustee was invested with the fullest power in regard to the management of the estate and the investment and reinvestment of moneys which should come into his possession.

The trustee appointed by the will refused to act, and in 1878 Henry C. Russell was appointed trustee. He received from the executor $30,321.54, all the income of which was invested until 1892 when, Lewis V. Halberstadt having reached the age of twenty-three, one half of the whole estate then in the hands

of the trustee was paid to him. The trustee filed two accounts during the minority of Lewis V. Halberstadt, which were confirmed, one in 1882 and the other in 1887. The third account was filed December 6, 1892, and confirmed absolutely May 4, 1893. A fourth account was filed June 4, 1897.

On April 5, 1897, Lewis V. Halberstadt assigned all of his interest in the estate to Walter G. Roland to secure an indebtedness due him.

The proceedings to remove the trustee and to review the third account were instituted by Roland, and at the audit of the fourth account he sought to surcharge the trustee. Practically the whole contest related to the commissions charged by the trustee. There was no allegation of fraud, of incompetency or of mismanagement, except in the failure promptly to collect interest on some mortgages. The trustee had not kept, as he should have done, a separate bank account, and in the accounts filed there had been a blending of principal and income; but every dollar received had been accounted for, and during the whole administration of the trust extending over a period of nineteen years there had been no loss of principal or income.

The petition for the removal of the trustee was treated by the court as having been filed under the first section of the Act of June 3, 1893, P. L. 273, and in considering it the inquiry was limited to the causes for removal named in that section; and all other matters alleged in the petition were left to be considered upon the audit of the fourth account, to which exceptions had been filed. It is now argued that the court erred in so restricting its inquiry, and that grounds for removal not mentioned in the act should have been considered. As no ground for the removal of the trustee under any act of assembly was shown, this objection is wholly without force; but the court was right in treating the petition as having been filed under the act of 1893. The language of the petition followed closely that of the act; it was preceded by a preliminary request for a detailed statement of the nature and character of the securities, as required by the act, and it contains an averment that the trust funds are in part "badly invested, so as to be likely to result in a loss to the trust," the exact words of the act. But it is conclusive of the subject that the counsel

for the petitioner distinctly stated to the court that the proceeding was under the act of 1893.

The third account was prepared November 18, 1892, three days after Lewis V. Halberstadt had reached the age of twenty-three and had become entitled to one half of the estate absolutely and to the income of the other half for life. It was given to him by the trustee for examination, and a copy was furnished him for his own use. He retained the account some days, and returned it with a declaration of his approval indorsed thereon, in which it was stated that he had examined and approved the account. The account was filed December 6, 1892, and confirmed absolutely May 4, 1893. At that time Lewis V. Halberstadt was twenty-three years old, the secretary of a manufacturing company, familiar with business matters, and fully competent to understand the account and to take measures for the protection of his rights. Nothing was concealed from him. All the charges now objected to appeared on the face of the account or on those of prior accounts to which this one referred. He received the principal due him and was paid the income annually for five years thereafter without objection. The first objection made was made by the assignee of his interest, with whom he joined, and the only ground of the objections was the charge of excessive commissions. In Priestly's Estate, 127 Pa. 120, where a review was asked because a trustee had charged commissions on moneys which had not come into his possession at all, it was said: " This was an objection which could as well have been taken when the account was filed : . . . . The act of 1840 was never intended to open accounts for retrial of questions of fact, years after they had been passed upon by a competent tribunal."

Upon the audit of the fourth account the court allowed the trustee as compensation for his services $200 per year. This allowance was made after a full investigation of all the accounts and of the conduct of the trustee from the time of his appointment, and is based on the nature of his services and the manner in which they were performed. While this allowance is in excess of the usual commission of five per cent of the income received, it does not appear under the circumstances of this case, which are exceptional, to exceed the limits of just compensation. The principal of the trust fund, which now amounts to

$31,789.50, is invested in fifty-seven different bond and mortgage securities, many of which are as small as $100, and all of which are good and bear six per cent interest. This division of the fund has been made by the trustee in order to secure the highest rate of interest, and it has increased his care and responsibility. All the investments and reinvestments have been made by him without any loss or expense to the estate. The income has always been paid promptly to the cestui que trust, and at times advanced by the trustee. While there has been a lack of technical precision in keeping the accounts, in all substantial matters the management of the estate has been exceptionally careful and skilful, and it has produced an excess of annual income over the usual rate of interest larger than the whole allowance to the trustee. This has not been accomplished without unusual care and vigilance on the part of the trustee, and while we do not favor the allowance of commissions in excess of the customary five per cent, we cannot say that in this case the allowance made by the orphans' court is too large.

The decrees are affirmed at the cost of the appellants.