Capuzzi's Estate.

Argued September 30, 1931. Before FRAZER, C. J.; WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*E. C. Higbee,* of *Higbee, Matthews & Lewellyn,* with him *C. W. Rush* for appellant.—In equity, regard must be had to the substance of things, and if a particular mistake that in the general result did no injustice is to be corrected, care must be taken that a result is not produced which works an injustice.

The learned judge held that his court had jurisdiction to settle the partnership affairs, about which appellant does not dispute. That authority, however, included the settlement of the affairs as a whole and not in part, and the learned judge did not have a right to leave outstanding certain items of the assets to await further developments and become the subject-matter of future determinations.

Appellant's evidence was erroneously excluded.

At the time the petition to review was presented, appellant was not executor. He had been removed a long while before, had accounted and paid the amount charged against him.

He did not receive the money here in question as executor, but as surviving partner. He claimed title to it adversely to the estate and under these circumstances the orphans' court did not have jurisdiction: Cutler's Est., 225 Pa. 167; Cutter's Est., 286 Pa. 505.

A bill of review under the act is of two kinds (1) of right, and (2) by grace. It can be granted as a matter of right "only for error of law apparent on the face of the record, or for new matter which has arisen since the decree": Priestley's App., 127 Pa. 420.

As a matter of grace, it may be granted only "for new proof discovered after the decree, which proof could not possibly be used at the time when the decree was made": Sloan's Est., 254 Pa. 346; Chauncey's Est., 303 Pa. 441; Willing's Est., 288 Pa. 337; Bailey's Est., 291 Pa. 421; Bender's Est., 278 Pa. 199.

*Linn V. Phillips,* for appellees, cited: Bailey's Est., 291 Pa. 421; Froess v. Froess, 284 Pa. 369; Eisenlohr's Est., 258 Pa. 431.

OPINION BY MR. JUSTICE KEPHART, November 23, 1931:

Queeny R. Capuzzi, appellant, and his brother Frank had been partners as Capuzzi Brothers. Frank died January 22, 1927, and appellant was named as executor of his estate. He was also the liquidating partner. As executor, he filed an account wherein he charged as an item due the estate the value of decedent's share in the partnership as fixed by the appraisers. On exceptions, the court below surcharged him approximately $5,000 for this interest and removed him as executor; the sum surcharged included a share of the profits earned by the business since his brother's death. This amount was fully paid to the administrators appointed to succeed appellant.

In the list of accounts receivable filed in the amended account of the executor there was an item of $10,000, being a claim in litigation against the American Coke

Corporation. Some months after the final award had been paid, or on November 22, 1928, appellant, as surviving partner, received from the American Coke Corporation the sum of $9,653.81 in liquidation of that claim. Appellant refused to turn over any of this sum to the estate, claiming that it had entered into the final partnership settlement adjudicated by the orphans' court. Whereupon, the executors petitioned for a writ of attachment for contempt; the orphans' court found the estate was entitled to a share of this fund that had been omitted from the final settlement, and awarded the writ.

On appeal we reversed this order in an opinion by our late Brother SADLER, Capuzzi's Est., 298 Pa. 71, where a more detailed statement of many of the facts may be found. In that opinion it was stated: "No petition to review the earlier proceeding was presented, nor was any effort made to have the surviving partner state an account as liquidator of the firm's affairs. Ordinarily, the latter course is the proper way in which to determine the amount owing to a deceased member. In the instant case, the executor, who was also the survivor, brought the interest in the partnership into his account in the orphans' court, thus giving it power to examine, and, if necessary, restate, as it did: Brown's App., 89 Pa. 139; Maloney's Est., 233 Pa. 614...... He was directed to discharge the balance within fifteen days of the final order, and did so. In November, when the coke company paid, he was no longer executor, and any funds then received were in the capacity of liquidating partner. There was no command that he pay any additional share of amounts which might be received for the firm subsequent to the adjudication...... If a mistake has been made, and items omitted with which the executor should have been specifically charged, this cannot be remedied in the manner here attempted, against one who is no longer executor, and who is not in default in performance of the order made......Wheth-

er this debt was considered in fixing the balance due decedent from the partnership estate, or omitted by error, cannot be determined in the present attempt to attach for contempt. If the account can be lawfully reopened, and a decree then made including the item in question, or if the liquidating partner, who received the amount after ceasing to be executor, is compelled to file a new account as representive of the firm, and a balance be then found due, the right of Frank's estate to any part thereof may be properly passed upon."

When the record was returned to the court below, the administrators petitioned for a citation to show cause why a review of the restated account should not be made, and the sum in controversy included therein. The answer denied the jurisdiction of the orphans' court to meddle in the settlement of partnership affairs. This objection would have been formidable (Blumenthal's Est., 227 Pa. 268; Hazard's Est., 253 Pa. 447) had appellant not brought deceased's interest into his account as executor. This we decided in the former appeal, and it is now too late to raise any question concerning it.

The second and third objections are not without merit. Was this item considered in the restated account, and, if not, should not the account be reopened to all related matters to determine how much, if any, money should be paid to the estate on account of the Coke Corporation claim?

It is difficult to understand why this claim was not considered in the final order since the court was adjudicating partnership matters. Attached to the amended account, was an itemized list of accounts receivable; in it this claim against the American Coke Corporation appears as follows: "Claim against the American Coke Corporation of approximately $10,-000.00; the interest of Frank Capuzzi Estate being 40% or $4,000.00." Appellee and counsel knew of this, as did the court below. In the opinion giving reasons

for removing the executor, the court comments on the claim against this Corporation as follows: "It appears from the restated account that......forty per cent of a $10,000.00 judgment against the American Coke Company Corporation......" was not included in the inventory and appraisement. The fact that it was not included (though a partnership matter) was one of the causes for removing appellant as executor. The court below, in discussing the petition for review, states that the judgment in question was not included in the partnership assets, that the omission "was a mistake." This finding would ordinarily be conclusive and we shall so regard it.

But in concluding to open and review the final adjudication, the error was that the order did not take all items in the account relating to the Coke Company claim. In placing a value on the partnership interest with which to surcharge the executor, the court below used the financial statement of the bookkeeper made January 2, 1927. Appellant should be given an opportunity to explain and modify any items in this statement which would become prejudicial if this order of the court below admitting the coke claim is to stand. The Coke Company claim was made up of a number of claims for merchandise sold by the partnership to laborers of the Coke Corporation, payment of which was secured by the latter company. The customary place for such charges would be in accounts receivable unless transferred to another account when reduced to judgment or charged off in profit and loss, neither of which appears in the statement. As the item accounts receivable in the financial statement was much larger than the disputed claim, there is reason for appellant's belief that the Coke Company claim was included in the final adjudication. The following statement of facts shows the error in excluding other items relating to this claim.

In the financial statement were listed as assets,—cash in bank, petty cash, inventory, accounts receivable, fur-

niture, fixtures, delivery equipment, $33,108.90; less accounts payable $5,988.97, or a net capital account of $27,119.93. To this the court added the profits accruing since Frank's death, $9,519.21, or a total of $36,639.14. From this was deducted $2,675.33, a loss arising from Store No. 2, which left a net partnership value of $33,963.81. Forty per cent, or the estate's share, was $13,585.52, less Frank's personal account $893.95, or $12,691.57. This was the sum fixed as the value of the partnership interest and ordered to be and was paid by the appellant as executor. The item "Accounts receivable" in the statement was fixed at $11,570.72. No allowance was made in this item for accounts that could not be collected and the court below considered them as being all collectible. The statement that accounts receivable were $11,570.72, would not be conclusive that the items composing it were all collectible, nor was the statement intended or regarded as such when made, it merely showed book entries. The testimony then before the court shows they were not all collectible and in the hearing on the petition for review, it appears that such uncollectible accounts exceed a sum in excess of appellee's present claim, or approximately $5,900. The court below in discussing this admits the fact but concludes appellant evidently regarded the accounts as good; but this conclusion wholly overlooks appellant's position with regard to these uncollectible accounts and the disputed claim. It would be manifestly unfair to appellant to make good the uncollectible accounts and pay the disputed claim. Had the final award stood as ordered and accounts receivable had shrunk to a sum larger than the disputed claim, appellant would have been compelled to stand the loss, and was apparently willing to do so, urging that no great harm would come to him from the final award if the disputed claim was included as he believed it to be. But if it was not included, there was a manifest error in the final adjudi-

cation, which the appellant should not be precluded from now asserting.

When the final order settling the value of the partnership interest was made, appellant was justified in believing that this item had been taken into consideration. He was well within his right in then declining to take further action in relation to other matters which formed the basis of the court's order as they may have related to this item.

We are fully aware of the principles controlling a bill of review as stated in Bailey's Est., 291 Pa. 421, 423, and that granting or refusing a petition for review is a matter within the sound discretion of the court below which will not be disturbed unless there is an abuse of that discretion: Chauncey's Est., 303 Pa. 441. Ordinarily, the court will not go into the evidence at large to establish or support an objection based upon a supposed error or mistake made by the court in its deduction therefrom: Priestley's App., 127 Pa. 420, 432. See Whiting v. Bank of the United States, 13 Peters 6. Courts will not retry the case but will correct palpable mistakes in an account or adjudication: Troutman's Est., 270 Pa. 310. The difficulty, we find, is that the court has exercised its discretion as to one of the items and has decided to review the account, but refuses to consider other items related to it. This was a mistake. It is not intended that a review generally be made, but simply the special instances here noted, and these are the only items complained of by the appellant.

An order directing the review of an account that has been adjudicated, should include all related matters affecting the proposed review, so that full justice may be done all the parties. It should not segregate one item and exclude from review other items having a direct bearing thereon. When the parties show that excluded items contain mistakes adverse to the interest of the parties affected by the order for review, which such parties have permitted to pass unchallenged only because

the mistake on which the review is asked balances other mistakes, causing a net balancing of accounts and no loss,—the order to review should include all such items. Appellant should be allowed credit on the instant claim for accounts which he shows to be uncollectible. Another mistake urged is in stating the deficit of store No. 2, fixed by the court below at $2,669.20, which appears to be $3,669.20. This should be considered, as the account is now reopened.

It is stated that because the appellant continued the business, he should bear all the losses, including those in these accounts. This would be true if there was a loss to this estate, but the contrary appears; appellant was ordered to pay to the estate a share of a profit of over $9,000. Under these circumstances, there can be no question about the right to deduct losses in uncollectible accounts.

It must not be understood that the account is reopened generally. Only those items are included where there seems to be a substantial mistake adversely to appellant and in the items named.

The decree of the court below should be modified to read: The account and final order is directed to be reopened, the account reviewed, and so much, if any, of claim of the estate against the former executor for a share of the judgment collected against the American Coke Corporation be allowed, after considering the matters herein referred to.

The decree as thus modified is affirmed, costs to abide the result of these proceedings.