## Mitchell's Estate

*J. Rouse Burns*, for petitioner.

*George B. Clothier*, of *Edmonds, Obermayer & Rebmann*, for respondent.

STEARNE, J., July 1, 1938.—Despite the fact that the respondent's account as administrator is presently before an auditing judge for adjudication, and is in process of audit, a petition has been filed by a creditor of a partnership whereof decedent and the fiduciary were copartners, to show cause why respondent (*a*) should not file an account as surviving partner and (*b*) "a proper account" of his administration as fiduciary of the decedent's estate.

Certainly no new account should be filed while an audit of the present accounting of the same administration is still pending. The auditing judge has full and sufficient authority to require the accountant to furnish the proper data and accounting to enable him to audit and adjudicate the account.

Respecting the requested accounting as surviving partner, this again is a matter for determination by the auditing judge. Ordinarily the orphans' court has no jurisdiction to settle an account between a deceased partner's estate and the surviving partner. However, there is a well-defined exception to the general rule where, as here, the surviving partner is also the accountant: Mulholland's Estate, 25 Dist. R. 1041; Unruh's Estate, 13 Phila. 337; Leland, Admr., v. Newton, Admr., 102 Mass. 350; Price's Estate, 81 Pa. 263; Brown's Appeal, 89 Pa. 139; Miller's Estate, 136 Pa. 349. But any possible doubt as to the jurisdiction of the orphans' court is dispelled when the accountant, occupying such dual relationship, voluntarily charges himself in his inventory and appraisement, and in the account, with the value of the partnership interest: Capuzzi's Estate, 306 Pa. 27. In exercising such jurisdiction, however, the inquiry is solely between the estate of decedent and the accountant as surviving partner. This court, under such circumstances, does not undertake to settle the partnership and adjudicate the claims of the creditors of the business. The accountant must disclose what assets he has received as surviving partner, how he has liquidated the business, and

what, if anything, he should pay into decedent's estate. This, in our opinion, is the limit of the jurisdiction of the orphans' court herein.

Respondent is directed to submit to the auditing judge a proper and detailed supplemental account of his administration of decedent's estate, including therein a full, complete, and accurate account of his liquidation of the partnership asset herein referred to, as well as to submit for examination all books, records, accounts, papers, and data, both concerning the estate and the partnership, and to submit himself for examination and cross-examination at such time and place as the auditing judge may hereafter order and direct.

The petition, for the foregoing reasons, is dismissed and the record is committed to the auditing judge for action as herein indicated.