## Colladay's Estate.

Argued January 3, 1939. Before Kephart, C. J., Schaffer, Linn, Stern and Barnes, JJ.

*Maurice J. Klein*, with him *Loewenstein & Winokur*, and *Bernard Axelman*, for appellants.

PER CURIAM, January 26, 1939:

Application was made in the court below to review an account and distribution made more than five years ago. The application was under Section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447. The Columbia Trust Company, predecessor of the Integrity Trust Company as trustee for Sarah E. Chorley, invested trust funds in nine mortgages previously held in its own portfolio, the settlor having directed it to invest "in such securities as trust funds may by law be invested." The source of these mortgages was not, either at the time of the transfer or at any time thereafter, disclosed by the trustees but was discovered "as a result of an independent investigation." The court below sustained the substituted trustee's objection to opening the account.

The principal reason urged is that the failure of the trustee to disclose its prior ownership constituted fraud within the exception to Section 48. The granting or refusal of a petition for review under Section 48 is, as to matters existing at the time of the adjudication but not of record, within the sound discretion of the orphans' court, and will not be reviewed unless there is an abuse of discretion.[1] After five years such petition will be denied except in cases of actual fraud.[2] There are no ex-

---

[1] This rule is fully discussed in *Bailey's Est.*, 291 Pa. 421, 424, and followed in *Chauncey's Est.*, 303 Pa. 441, 445; *Capuzzi's Est.*, 306 Pa. 27, 34, and *Downing, Exr., v. Felheim et al.*, 309 Pa. 566, 574. The comparable rule as to the opening of judgments at law is discussed in *Sallada et al. v. Mock et al.*, 277 Pa. 285.

[2] *Cope's Est.*, 328 Pa. 296. See also *Stetson's Est.*, 305 Pa. 62, 71; *Daub's Est.*, 313 Pa. 35, 42; *Elkins's Est.*, 325 Pa. 373, 376; *Neafie's Est.*, 325 Pa. 561, 564; *Knox's Est. (No. 1)*, 328 Pa. 177, 187. As to judgments at law, see *McEvoy v. Quaker City Cab Co.*, 267 Pa. 527; *Philadelphia v. Brill*, 328 Pa. 471, 473.

ceptions to the rule. Here there was no act of conceal-
ment on the part of the trustee, and its previous owner-
ship was a matter of public record easily ascertainable
at the time of adjudication. Under these circumstances
the transfer of the mortgages and failure to reveal prior
ownership would not constitute such fraud as is contem-
plated by the decisions under Section 48, and the court
below did not abuse its discretion in refusing relief. The
cases relied upon by appellants have no bearing on the
statutory limitation.

The decree is affirmed.