## Hall's Estate

*Hyman A. Guth,* for petitioner.

*Gordon A. Block,* of *Wolf, Block, Schorr & Solis-Cohen,* for respondent.

VAN DUSEN, P. J., November 24, 1939.—This is a petition to review an adjudication of the account of executors after more than five years. The petition is presented on behalf of minors who are interested in remainder in the residuary trust, and who were not in being at the time of the adjudication, and for whom no trustee ad litem was appointed. In order to meet the objection that no review can be had after five years even on behalf of minors and persons not in being who were not represented (Elkins's Estate, 325 Pa. 373), the petition sets forth facts which are alleged to constitute extrinsic fraud. Respondents have made preliminary objection to the petition.

The facts which are alleged to constitute extrinsic fraud are:

The executors invested in mortgages which were purchased from one of the executors (a trust company), and no disclosure of this fact appeared in the account. That such conduct, in the absence of active concealment, is not fraudulent was held in Colladay's Estate, 333 Pa. 218. Further, no guardian or trustee ad litem was appointed for unborn persons, and therefore no notice was

given to anyone on their behalf. This point is disposed of by Elkins's Estate, supra, the effect of which decision necessarily is that an adjudication of a fiduciary's account in the orphans' court is conclusive after five years as to unborn persons, whether they are represented or not. If this is so, the failure of the accountant to request the court to appoint such a representative for the unborn interests cannot be fraudulent conduct.

The petition further calls attention to the statement in the petition for distribution presented to the court at the audit of the executors' account: "All parties having either vested or contingent interests have had notice of this audit by (state method and date) written letter, mailed Oct. 10, 1927." It is said that as the will created interests in favor of persons yet unborn and as no representation of such persons was procured by the fiduciary, the statement is necessarily false. This petition for distribution contains on its first page a statement as follows: "The names of all legatees and the amounts and character of their legacies, and the names of the residuary legatees, and the nature of their interests are as follows". After listing specific and money legacies, the petition mentions "Anna Fry Hall and the West Phila. Title and Trust Co. trustees—residuary estate, interest for the purposes of the will". Then follow the names of a nephew and a number of charities who are called "contingent legatees". Among the money legatees appears Eleanor Hall, a daughter of testator, a minor, for whom Anna Fry Hall is testamentary guardian. It is fairly inferable from this that testator left to survive him as issue but one child, who was a minor. No one who was in being was omitted from the petition. The petition, it is true, did not set forth who were the persons interested in the trust of the residuary estate. But the will was before the auditing judge, and from it he could see that the life tenants were testator's children who should survive him, and the issue of those who might die before him, and that upon the death of each life tenant the issue

of such person took a proportionate part of the corpus of the fund. If the learned and careful auditing judge conceived that information with regard to such persons was necessary, he might have required it, and might no doubt have required a trustee ad litem for those not yet born. But he did not require it, and proceeded to audit the account. In so doing, he followed the practice which has been followed by every judge of this court from the beginning, and which has been followed in this very month by every judge of this court, at least upon audits of executors' accounts. To this day the appointment of guardians and trustees ad litem upon the audit of the account of an executor or administrator is very exceptional. Indeed, the practice of appointing trustees ad litem is of recent origin.

The above statement from the petition for distribution with regard to notice must be read in connection with the other statements in the petition and the facts known to the court. It cannot be read as a statement that unborn persons were represented by a trustee ad litem to whom notice had been given, while the auditing judge very well knew that no such officer existed, and knew from an inspection of the will that unborn persons might some day be interested in the estate.

We agree with the statement in Steel's Estate, 32 D. & C. 55, that the appointment of guardians and trustees ad litem for minors and unborn persons at the audit of the account of an executor or administrator or trustee is discretionary with the auditing judge, and that failure to create such representatives of minors or unborn persons does not render the adjudication void as to them. Where there has been no such representation, and an application is made within five years for a review, and the error is not with respect to distribution but with respect to a personal claim against the trustee or executor, as, for example, a surcharge, parties under a disability who have not thus been represented may have the adjudica-

tion opened: Earle's Estate, 30 D. & C. 29. See Mc-Grew's Appeal, 14 S. & R. 396. But after five years an adjudication is conclusive even as to a claim for surcharge: Elkins' Estate, supra. The statutes providing for petitions for review have, in effect, introduced a new period of limitation, which is binding even on parties who are not represented, and as to whom the court was not deceived. White's Estate, 163 Pa. 388, was a very peculiar case. The attorney for the executors was appointed auditor by the orphans' court on a statement that everyone agreed thereto. Nothing was before the court to show who these persons were. In fact, there was a minor grandson who was mentioned in the will, and who knew nothing of the proceeding of which the whole purpose was to pass upon his rights. The auditor then decided against the minor without giving notice to anyone on his behalf. This was a fraud, though the court said that it refrained from using that term because of the high character of the parties.

It is argued that a statute of limitations, which takes away the right of an unborn person without anyone having been heard on his behalf, is not due process of law. Such statutes have existed so long and have been upheld in so many cases that we cannot regard this argument seriously. Repose requires that after a certain time everyone should be barred, whether he has had an opportunity to be heard or not.

We note that the petition for review is defective in that it fails to join as a party Eleanor Hall Holloway, individually, who is the present life tenant. All parties interested ought to be joined, even though they are interested with the petitioner and not against him: Robinson's Estate, 33 D. & C. 207.

Under our rule (which is now 3A), it is provided: "If exceptions are not filed within the time limited, or if, having been filed, they have been dismissed, the adjudication will become confirmed absolutely, as of course."

The account became confirmed absolutely on the sixteenth day after confirmation nisi without any further act on the part of the clerk.

The preliminary objection is therefore sustained, and the petition is dismissed.

LADNER, J., concurring.—I concur in the result, but only for the reason that section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, has been definitely settled to operate as a statute of limitation, foreclosing the rights of all parties to raise objections after five years from the date of the final decree unless fraud be shown.

I regard it the duty of a fiduciary who, as here, occupies the dual position of executor as well as trustee for a person not sui juris, to apply for the appointment of a guardian or trustee ad litem when his account as executor is audited. Only by this practice can such cestuis que trustent be protected against possible injury from their trustee's conflicting interests: Earle's Estate, 30 D. & C. 29; Komara's Estates, 311 Pa. 135. The strict enforcement of the five-year limitation would seem to make this procedure all the more essential.

Now in this case, the fiduciary, notwithstanding its dual capacity, did not petition for such an appointment. I take its failure to do so to be the equivalent of an undertaking to represent and act for its cestuis que trustent. So considered, the certification in the petition for distribution that it gave notice to all parties in interest was not false, but by the same token, since it undertook to so represent possible conflicting interests, it has made itself responsible to its cestuis que trustent for any neglect or failure to raise any questions that the minors might have raised had they been independently represented. This responsibility I believe it must meet when it files its account in its trustee capacity. For this reason I concur in the dismissal of the petition for review.

Judges Klein and Bolger authorize me to say they join in this concurring opinion.