## Gottschalk's Estate.

Argued November 25, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Cecil P. Harvey,* with him *Walter Jones,* for appellants.

*John Russell, Jr.,* with him *Randal Morgan,* of *Morgan, Lewis & Bockius,* for appellee.

PER CURIAM, January 5, 1942:

This is a petition for review of a trustee's account, filed April 5, 1940, pursuant to section 48 of the Fidu-

ciaries Act of June 7, 1917, P. L. 447, 20 PS §843. The account was filed March 6, 1936, was audited and confirmed absolutely June 13, 1936. After answer, the proceeding was referred to a master, who, after hearing, filed a report recommending the dismissal on the ground of laches. In his report, he said, "and inasmuch as the petitioners had unusual advantage by reason of the preliminary discussions before the account was filed, having had copies of the account which ordinarily are not sent to parties in interest, and having been notified of the day of the audit, the Master holds as a matter of law, they are guilty of laches." Exceptions to his report were filed and heard by the court in banc and were disposed of in an opinion from which we quote, "The questions which are now raised by the Petitioners could have been presented at the audit of the trustee's account in May, 1936. All relevant facts were then known or available to the parties. They had copies of the account and notice of the audit, and by their signatures approved the schedule of distribution and executed satisfactions of award. As was said in *Scott's Appeal,* 112 Pa. 427, 'something is due to the finality of judicial proceedings.'" In addition, we refer, for construction of section 48, to *Bailey's Estate,* 291 Pa. 421, 424, 140 A. 145; *Osterling's Estate,* 337 Pa. 225, 227 et seq., 10 A. (2d) 17; *Colladay's Estate,* 333 Pa. 218, 219, 3 A. (2d) 787; *Com., to use, v. Toebe,* 315 Pa. 218, 222-223, 173 A. 169; *Downing v. Felheim,* 309 Pa. 566, 573, 164 A. 598; *Capuzzi's Estate,* 306 Pa. 27, 34, 158 A. 555; *Chauncey's Estate,* 303 Pa. 441, 445, 154 A. 814. These cases amply support appellee's contention that on this record the review sought was of grace and not of right, and that there was no abuse of discretion.

Decree affirmed at appellants' costs.