Barndollar et ux., Appellants, *v.* Groszkiewicz.

Argued November 11, 1954.   Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*William J. Krzton,* with him *Esler W. Hays,* for appellants.

*Irving Sikov,* for appellees.

OPINION BY ROSS, J., April 12, 1955:

Harold T. Barndollar and Anna B. Barndollar brought a complaint in equity in the Court of Common Pleas of Allegheny County seeking a mandatory injunction for the removal of a wall built by the defendant, Stella Groszkiewicz, which wall encroaches slightly more than two feet on their property.   The chancellor, after hearing, refused the injunction on the ground that plaintiffs' delay of a year before filing their complaint had forfeited for them the right to have the obstruction removed, and decreed that they were entitled only to compensatory damages, which he assessed at $35.   In addition, he imposed costs on the plaintiffs.

After dismissal of their exceptions to the chancellor's adjudication by the court en banc, they appealed to this Court.

The defendant Thomas Groszkiewicz died in 1945 before this cause of action arose and his widow is, therefore, the sole defendant.

In the main the basic facts are undisputed. In 1946 the plaintiffs purchased a lot on Bakerstown Road, Tarentum, on which a garage was situated, across the street from their residence. Defendant owns a house and lot immediately adjacent to this garage property situated at a higher elevation than plaintiffs' lot. The chancellor found that plaintiffs, who have lived at their present address since 1939, were familiar with the condition of the premises in question when they purchased them. A faulty drainage condition which, according to the plaintiffs' predecessor in title, Anna Bayer, had existed since the garage was built, due to the topography of the land, brought a seepage of water into the garage. The plaintiffs, in an attempt to correct it, removed a then-existing wall between the parties' properties and in digging discovered a pipe coming from the direction of defendant's home. Plaintiffs notified defendant to remove the pipe and she complied. Plaintiffs constructed a new wall along the rear of the garage but the flooding continued. They then complained to defendant. In August 1952 defendant's son and brother erected the wall which is the subject of this proceeding. Admittedly the new wall, built entirely at defendant's expense, has remedied the drainage difficulty but the wife-plaintiff testified, ". . . I don't want that wall on my property. I want that wall off there."

According to one witness for the plaintiffs, the wall was constructed in approximately eight or nine hours of one day. However, the husband-plaintiff testified that it took "probably three or four days" and that he

not only knew about the erection of the wall but watched the progress of the work. The following excerpt from his testimony is also pertinent: "Q. Did you ever at any time go over and tell them to stop putting it up? A. They knew it didn't belong to them—Q. Answer my question, please. (Question read.) A. No, I didn't." The wall was completed in August or September 1952. This action was started on September 30, 1953.

Laches is an equitable doctrine and is governed by equitable principles depending upon the particular circumstances of each case. *Tonkin v. Tonkin*, 172 Pa. Superior Ct. 552, 94 A. 2d 192. While we are not, on appeal, bound by inferences and deductions from facts and by conclusions of law made by the chancellor (*Kalyvas v. Kalyvas*, 371 Pa. 371, 375-376, 89 A. 2d 819; *Peters v. Machikas*, 378 Pa. 52, 105 A. 2d 708), we agree with the learned chancellor that under the foregoing circumstances plaintiffs are now barred by laches from asserting successfully that which, had prompt objection been made, would have been their right to a mandatory injunction, and that their sole remedy is damages. Cf. *Soifer v. Stein*, 101 Pa. Superior Ct. 135.

It is well settled that once the jurisdiction of equity has attached (as in this case as the forum for seeking an injunction), equity will proceed to determine the controversy completely by deciding every other contention connected with the subject matter of the suit, including the amount of damages to which plaintiff may be entitled because of injuries sustained. *Gray v. Phila. & Reading Coal & Iron Co.*, 286 Pa. 11, 16, 132 A. 820; *Wortex Mills v. Textile Workers Union of America*, 380 Pa. 3, 109 A. 2d 815.

According to the testimony, the plaintiffs paid $350 in 1946 for the garage and the lot on which it is located. The chancellor, affirmed by the court en banc, awarded

them $35 in damages. For the first time the appellants now raise a question as to the amount of damages, contending that "There is absolutely no evidence in the record as to a measure of damages". That is true, but the appellants cannot complain of the amount of the award. First, *they* had the burden of proving the amount of damages. Second, they neither made a request for a finding of fact relative to the amount of damages nor did they except to the chancellor's finding that the damages amounted to $35. For these reasons the question of the *amount* of damages is not before us on this appeal.

The chancellor found that a trespass had been committed and it is, of course, a continuing trespass. The record supports the inference that the wall was built as an encroachment because it was more convenient to place it there than to excavate on defendant's land in order to lay its foundation there. Obviously plaintiffs as owners of the garage have obtained a benefit at no expense to themselves in that defendant has now corrected an annoying drainage problem which they knew existed when they purchased the premises for an almost nominal sum. On the other hand, there is little doubt that the trespass was wilful. We think, therefore, that although the taxation of costs in an equity proceeding is within the discretion of the chancellor (*Gordon v. Hartford Sterling Co.*, 350 Pa. 277, 38 A. 2d 229), the equities of this case require that costs be imposed on the defendant.

The decree refusing the injunction and awarding damages is affirmed, all costs to be paid by the appellee.