## Wanamaker Estate

Before KLEIN, P. J., BOLGER, LEFEVER, SAYLOR, SHOYER and BURKE, JJ.

*Saul, Ewing, Remick & Saul,* for petitioners.
*Francis W. Sullivan,* guardian and trustee ad litem.

KLEIN, P. J., June 2, 1966.—This matter comes before us upon petition, filed on March 25, 1966, by Thomas B. Wanamaker, Jr., and Rodman Wanamaker, 2d, life tenants, for review of an adjudication by Bolger, J., dated December 13, 1960, sur trustee's fifth account, and schedule of distribution approved by him on March 17, 1961, and preliminary objections thereto filed by Francis W. Sullivan, guardian and trustee ad litem. The purpose of the proposed review is to permit petitioners, as life tenants, to claim stock dividends of six percent or less, included in the fifth account as principal, under the decision in Pew Trust, 411 Pa. 96 (1963).

Mr. Sullivan contends that the petition for review, having been filed more than five years after the final confirmation of the adjudication, was not filed in time and, hence, in the absence of allegation of fraud, must be dismissed by reason of section 721 of the Fiduciaries Act of April 18, 1949, P. L. 512, which provides:

"If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account, or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require: . . ."

He also cites Kneedler Estate, 373 Pa. 284 (1953); Colladay's Estate, 333 Pa. 218 (1939), and Neafie's Estate, 325 Pa. 561 (1937), in support of his position.

Petitioners, on the other hand, contend that the petition was timely. They rely upon Philadelphia Orphans' Court Rule ★76, which provides:

"(d) *Schedule of Distribution.* Written objections to a schedule of distribution filed pursuant to an adjudication shall indicate in what respect the schedule fails to conform to the adjudication and shall not raise any question which could be raised by exception to the adjudication. *In the absence of objections, a schedule of distribution shall become absolute within fifteen days of the date of approval thereof".* (Italics supplied).

They, therefore, contend that "the adjudication was not complete and the confirmation of the account" did not become final until April 2, 1961, which was 15 days after the approval of the schedule. Accordingly, they maintain that the petition for review, having been filed March 25, 1966, was filed within the five-year period fixed by the statute.

This court has held on several occasions that the five-year period starts with the date of the approval of the schedule of distribution and not the absolute confirmation of the adjudication: Taheny's Estate, 46 D. & C. 306 (1942). See also Robinson's Estate, 33 D. & C. 207 (1938); Devereux's Estate (No. 2), 50 D. & C. 509 (1944); Donovan Estate, 32 D. & C. 2d 207 (1963). Petitioners are attempting to extend this period by 15 days, the period during which exceptions can be filed to the approval of a schedule of distribution.

In our opinion, however, it is not necessary to pass upon this extremely technical point under the circumstances of this case. Even assuming, arguendo, that petitioners are right with respect to the date from which the five-year statutory limitation commences, since all the parties who have an interest in these proceedings are presently before the court, it would serve no useful purpose to pass upon the narrow technical point raised by petitioners, as a study of the record reveals upon its face that they are barred by estoppel and laches from obtaining the review they are seeking.

We will, therefore, examine directly the root of the

controversy and thereby avoid unnecessary and prolonged litigation.

Petitioners approach this matter as if they were entitled to a review as a matter of right, because their petition was filed within the period they maintain is permitted by the statute. There is no merit to this position. The statute specifically states that "the court shall give such relief as equity and justice shall require". In other words, a petition for review is an appeal to the conscience of the chancellor. It will be granted only in accordance with the broad principles governing bills of review in equity practice generally: Commonwealth v. Toebe, 315 Pa. 218 (1934); Bailey's Estate, 291 Pa. 421 (1928). A review will not be granted unless good conscience and substantial justice require it: Stewart Estate, 358 Pa. 434 (1948). The court's discretion is to be exercised cautiously and sparingly, and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause: Commonwealth v. Toebe, supra. This is clearly not such a case. There is nothing in this case to appeal to our conscience. The principal of this estate is very substantial, and the petitioning life tenants are receiving very large incomes therefrom. Contrasted with the annual income they are enjoying, the amount they would receive if the review were granted is so small as to characterize their position as bordering on the frivolous.

Annexed to the schedule of distribution, which was approved by Judge Bolger on March 17, 1961, are two writings entitled "Approval of Schedule of Distribution" signed by Thomas B. Wanamaker, Jr., and Rodman Wanamaker, 2d, the petitioning life tenants, which state that "the undersigned hereby approves the within schedule of distribution".

In our opinion, this written approval serves as an estoppel to bar petitioners from the review they are seeking. In the absence of fraud and misrepresenta-

tion, such as was present in Schmidt's Estate, 18 D. & C. 567 (1933), where a party has approved an account in writing, review will be refused: Sherwood's Estate, 206 Pa. 465 (1903); Vastine's Estate, 190 Pa. 443 (1899). Cf. Self-Drive-It Corporation Case, 390 Pa. 161 (1957). And this was held to be the rule in Stetler's Estate, 39 Pa. Superior Ct. 91 (1909), where the petition for review was filed approximately a year after the filing of the adjudication. We see no reason why this rule should not be equally applicable where, as in the instant case, the petitioning beneficiaries approve the schedule of distribution in writing.

A study of the record in this case leads us to the conclusion that petitioners are also guilty of laches.

Pew Trust, upon which petitioners rely as the basis for their efforts to secure a review, was handed down on May 29, 1963. On December 31, 1963, more than seven months after the opinion in Pew Trust was filed, the First Pennsylvania Banking and Trust Company, the substituted trustee, filed a sixth account. On January 14, 1964, notices were sent to all of the parties in interest, including Thomas B. Wanamaker, Jr., and Rodman Wanamaker, 2d, the petitioners, informing them of the filing of the account and the date of the audit. The following statements are contained in the notice:

"The Account as filed also shows as retained in principal stock dividends of 6% or less, together with the proceeds of sales of such stock dividends, which the accountant believes should be distributed to the income beneficiaries under the decision of the Supreme Court of Pennsylvania in Pew Trust, 411 Pa. 96.

"At the audit the Court will be requested to confirm the Account and to award stock dividends of 6% or less and the proceeds of the sale of the same to the life tenants".

In the adjudication, which was filed on November

20, 1964, Klein, P. J., the auditing judge, said (page 3):

"The statement of proposed distribution recites that the account, as filed, shows that the accountant has retained in principal stock dividends of 6% or less, together with the proceeds of sales of such dividends, which the accountant believes should be distributed to the income beneficiaries under Pew Trust, 411 Pa. 96. Mr. Obert in his report, as guardian and trustee ad litem, approved the suggested distribution to income beneficiaries, and as there were no objections thereto by any of the other parties in interest, the accountant is authorized to make such distribution, as the same may be reflected in the schedule of distribution, which will be directed to be filed, subject to Mr. Obert's approval, as guardian and trustee ad litem".

It is, therefore, apparent from the face of this record that petitioners knew of the Pew decision and the rule of law enunciated therein for more than 10 months before the confirmation of the sixth account, and for more than two years before they filed their petition for review. No explanation for their delay in seeking relief is set forth in their petition. Since a review is a matter of grace and not of right, any laches or negligence on the part of petitioners for a review defeats their right to relief: Scott's Appeal, 112 Pa. 427 (1886). The question of laches does not depend, as does the statute of limitations, upon the fact that a certain definite time has elapsed since the cause of action accrued, but upon whether, under the circumstances of the particular case, petitioners are chargeable with want of due diligence in failing to institute their proceeding: Bangert v. Provident Trust Company, 314 Pa. 442 (1934); Lehner v. Montgomery, 180 Pa. Superior Ct. 493 (1956); Barndollar v. Groszkiewicz, 178 Pa. Superior Ct. 110 (1955).

Every case in which application is made for equit-

able relief is sui generis. Let us, therefore, examine the circumstances of this case. The only reason advanced by petitioners for a review is a change in the law brought about by the Pew decision. This, by itself, is not a reason to reopen accounts confirmed absolutely before such change. See In re Scott's Trust, 40 D. & C. 227 (1941).

We are all of the opinion that petitioners have slept on their rights. They knew, or should have known, if they had made inquiry, 10 months before the confirmation of the sixth account, that they might have a claim to the small stock dividends reflected in the fifth account which they are now claiming. It was during this period that they should have acted to press their claim for the dividends included in the previous account. They were exceedingly negligent in not so acting, and in permitting the sixth account to be confirmed without objection.

In Pincus Estate, 378 Pa. 102 (1954), the Supreme Court, in a per curiam opinion, said, at page 109:

" 'The aim of the law is to give finality to the adjudication of the accounts of fiduciaries'. Remick, Pa. Orphans' Court Practice, Vol. 1, §160, p. 464; and see Gottschalk's Estate, 344 Pa. 135 (1942)".

See also Downing v. Felheim, 309 Pa. 566, 573 (1932); Scott's Estate, supra.

Accordingly, the preliminary objections are sustained, and the petition for review filed by Thomas B. Wanamaker, Jr., and Rodman Wanamaker, 2d, is dismissed.

Before concluding, we are impelled to express our concern because of the possible conflict of interest of the law firm which appeared in behalf of petitioners. They also represented the First Pennsylvania Banking and Trust Company in its capacity as substituted trustee at the audit of the several accounts which it filed.

A trustee, in administering a trust, must always act

impartially as between income beneficiaries and remaindermen. He must not favor the interests of one over the other: Thompson's Estate, 262 Pa. 278 (1918); Ball Estate, 36 D. & C. 2d 698, 704 (1965). Counsel for the fiduciary must adhere precisely to this same impartiality. Since the trustee may not take sides between the life tenants and those entitled to the principal, his counsel is likewise barred from advancing the interests of one at the expense of the other. If the right to review is clear, explicit and not complicated by intricate procedural maneuverings, it might be proper for the proceedings for review to be instituted by the accountant or his counsel to correct an obvious error or oversight. But this is not such a case. Under the circumstances here existing, it is questionable whether the trustee or its counsel should have taken any steps which would benefit the income beneficiaries at the expense of the remaindermen.

There is, however, an even more compelling reason in the present case why counsel should have discouraged the review which they are seeking, rather than press it. In the fifth account, which they are attempting to open, *their client*, the First Pennsylvania Banking and Trust Company, requested and was awarded the sum of $50,000 as interim commissions. This was evidently done through an oversight, as real doubt exists as to the propriety of allowing such compensation in the absence of extraordinary services, which were not asserted in the case. See Scott Estate, 418 Pa. 332 (1965); Williamson Estate, 368 Pa. 343 (1951); Ehret Estate (O. C. Phila.) no. 116 of April term, 1914, adjudication by Bolger, J., to which exceptions are pending.

It may follow, therefore, that if we were to accede to petitioners' request and open the adjudication of the fifth account for review, it might also be our duty to review it for the additional purpose of enabling Mr.

Sullivan, the guardian and trustee ad litem, to take steps to seek the return of the $50,000 paid to the trustee. Accordingly, counsel may be seriously jeopardizing the interests of their client, the First Pennsylvania Banking and Trust Company, by presently representing Thomas B. Wanamaker, Jr., and Rodman Wanamaker, 2d, the petitioning life tenants. Apparently, they have not given this circumstance the careful consideration prudence might dictate, as the interests of their client, the trustee, may be better served if Judge Bolger's adjudication of December 13, 1950, is left undisturbed.